**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

| | |
|---|---|
| **JAMES KELLY** | **MOVANT/DEFENDANT** |
| v. | **CRIMINAL ACTION NO. 1:96CR-24-R** |
| | **CIVIL ACTION NO. 1:09CV-P27-R** |
| **UNITED STATES OF AMERICA** | **RESPONDENT/PLAINTIFF** |

### MEMORANDUM OPINION

Movant James Kelly filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 33). On preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court concluded that the motion was untimely but, nevertheless, provided Movant the opportunity to show cause why the action should not be dismissed (DN 36). Upon review of Movant's response (DN 37), the Court will dismiss this action as untimely.

### I.

By Memorandum and Order entered May 27, 2009, the Court concluded that Movant's action was untimely (DN 36). The Court specifically found as follows:

> Section 2255 provides for a one-year limitations period, which shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has

>> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f). The only paragraph applicable to the facts alleged is the first paragraph.

Movant's Judgment and Commitment was entered January 29, 1997. Movant's counsel filed an appeal, allegedly unbeknownst to Movant, which the Sixth Circuit dismissed on April 21, 1997, on appellant's motion to voluntarily dismiss. The one-year limitations period, therefore, began running on April 21, 1997, and expired one year later on April 21, 1998. Because Movant did not file his § 2255 motion until February 23, 2009,[1] the motion is time barred under the statute.

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

While Movant alleges that he was misled by his attorney into believing that he could not file an appeal until he was in federal custody, he fails to advise when, or if, he discovered the one-year limitations period for filing a § 2255 motion. Nonetheless, the Sixth Circuit has consistently recognized that ignorance of the law does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (explaining in a direct criminal appeal case that "[t]o allow an ignorance of the law excuse would encourage

---

[1] Under the mailbox rule, a document is deemed filed with the court on the date that it is deposited in the prison mail system for mailing. *See, e.g., Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Movant certifies that his motion was delivered to the prison mail system for mailing on February 23, 2009.

and reward indifference to the law"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding "that, while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer"). And based on the "AEDPA's clear provisions regarding the statute of limitations, [Movant] cannot claim a lack of constructive knowledge regarding the filing deadline." *Allen*, 366 F.3d at 403.

Moreover, Movant has not shown diligence in pursuing his rights. To be sure, review of the criminal docket sheet reveals that Movant filed a letter in October 2006 requesting copies of documents from his criminal case (DN 29). In response to that letter, on October 25, 2006, the Clerk of Court sent him a copy of the docket sheet (DN 30). The docket sheet reflects that an appeal had been filed and voluntarily dismissed in April 1997. Thereafter in February 2007, Movant filed another letter requesting a copy of his transcripts for a "collateral challenge" (DN 31). The Clerk sent Movant a copy of his transcripts (DN 32). Thus, despite receiving in October 2006 a copy of his docket sheet and receiving in February 2007 a copy of his transcripts which he maintains was for a "collateral challenge," Movant still waited two years to file the instant § 2255 motion.

For the foregoing reasons, the Court concluded that Movant failed to demonstrate that his § 2255 motion is timely under the applicable statute and failed to allege facts warranting equitable tolling. Before dismissing the action as time barred, however, the Court provided Movant with an opportunity to respond.

## II.

In response to the Court's show-cause Order, Movant argues that he did not timely file his § 2255 motion "[b]ecause of my understanding of not being able to file anything until I was [in] federal custody" (DN 37). He lists his Tennessee parole date as April 1, 2010. He claims that in the interim, "I was gathering things for my filing upon my release to the federal custody. Given the explaination and Instruction for filing the motion under 28 U.S.C. § 2255 did not indicate any statute of limitations." Movant advises that he filed the instant § 2255 motion in February 2009 after discovering the statute of limitations, although he does not advise of the date of discovery.

3

Movant further maintains that he had no notice that his counsel had filed an appeal on his behalf in February 1997, or that his counsel voluntarily dismissed the appeal in April 1997. "If I had any knowledge of this appeal and the content's of it, I would've filed this motion back in 1997."

Nothing in Movant's response causes the Court to alter its May 27, 2009, finding that this action is time-barred. As discussed in its prior Memorandum and Order, even if Movant had no actual knowledge of the one-year, statute-of-limitations period, he is imputed with constructive knowledge. Moreover, ignorance of the law is no excuse, and this Court is under no obligation to advise a litigant of the one-year limitations period.

Accordingly, upon consideration of the § 2255 motion (DN 33) and Movant's response to the show-cause Order (DN 37), the Court concludes that Movant has failed to demonstrate that his § 2255 motion is timely under the applicable statute and has failed to allege facts warranting application of the doctrine of equitable tolling.

### III.

Before Movant may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies a § 2255 motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. When a plain procedural bar is present and the court is correct to invoke it to dispose of

4

the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability will be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Movant, *pro se*
        United States Attorney
4413.005